NICK A. PONCELET, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Poncelet v. Commissioner
Docket No. 1867-80.
United States Tax Court
T.C. Memo 1983-70; 1983 Tax Ct. Memo LEXIS 719; 45 T.C.M. (CCH) 661; T.C.M. (RIA) 83070; February 2, 1983. Nick A. Poncelet, pro se. Richard W. Kennedy, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax: Additions to Tax [1]
Year
Deficiency
Sec. 6653(b)
Sec. 6654(a)
1973
$1,979.53
$989.77
$36.00
1974
3,181.11
1,590.55
84.83
1975
5,043.47
2,521.74
203.77
1976
1,855.00
927.50
66.60
In his answer respondent alleged, in the alternative, that the petitioner was liable for the following additions to tax: Additions to Tax
Year
Sec. 6651(a)
Sec. 6653(a)
1973
$494.88
$98.98
1974
795.28
159.05
1975
1,260.87
252.17
1976
463.75
92.75
*721 Respondent has conceded all additions to tax determined in his notice of deficiency and alleged in his answer. The parties have agreed that the following amounts of income tax are statutory deficiencies under section 6211(a) due from petitioner for the respective taxable years: Year
Amount
1973
$40.00
1974
162.00
1975
13.00
1976
None
Thus, the only issue presented for decision is whether petitioner is entitled to refunds of overpayments for each taxable year, based on the excess of withholding over tax due. Most of the facts are contained in a stipulation and supplemental stipulation and the exhibits attached thereto.Such facts are incorporated herein by this reference. The pertinent facts necessary for the disposition of the only remaining issue are summarized below. Nick A. Poncelet (petitioner) was a resident of Whitefish, Montana, at the time he filed his petition herein. For each of the taxable years 1973 through 1976 the petitioner filed Forms 1040 with the Internal Revenue Service Center at Ogden, Utah, which were incomplete and inadequate. On the forms for 1973, 1975 and 1976 the petitioner did not report any income taxes withheld by *722 his employers, Intermountain Micro-Wave Division of Transmission of Kansas and Teleprompter Corporation. However, on the Form 1040 for 1974 he reported Federal income tax withheld in the amount of $423.82 (or $424 rounded to the nearest dollar) and he reported no income tax due. Federal income taxes were withheld from petitioner's wages, and are deemed to have been paid, as follows: For 1973: $684 was paid on April 15, 1974. For 1974: $424 was paid on April 15, 1975. For 1975: $257 was paid on April 15, 1976. For 1976: $57 was paid on April 15, 1977. All payments were made before the notice of deficiency was mailed by respondent to petitioner on November 13, 1979. On September 7, 1982, the petitioner handed to respondent's counsel four unsigned documents on Form 1040. These documents reflect that petitioner is claiming refunds for each year based on the withholding of taxes set forth above. No formal claims for refund have been filed by petitioner with the respondent. The petition herein was filed on February 8, 1980. Although the petitioner did not allege in his petition any overpayments resulting in refunds, this issue was raised at the trial on October 5, 1982, and *723 was tried by consent of the parties. As previously indicated, the parties have settled all substantive issues in this case and they have stipulated to the amount of tax due for each taxable year. Since the amounts withheld from petitioner's wages exceed the amounts of tax due for each taxable year, we must decide, in these particular circumstances, whether the petitioner can be awarded the refunds of overpaid taxes for each of the years in question. Petitioner contends that respondent is seeking to expropriate refunds that are due him, and that to deny him the overpayments would violate the due process clause of the Fifth Amendment to the United States Constitution. Respondent, on the other hand, contends that, while the taxes were withheld and paid, refunds of the overpayments are prohibited by the provisions of sections 6511 and 6512 of the Code. We agree with respondent that our decision must be governed by the applicable provisions of the Internal Revenue Code. Section 6511 provides, in pertinent part, as follows: SEC. 6511. LIMITATIONS ON CREDIT OR REFUND. (a) Period of Limitation on Filing Claim.--Claim for credit or refund of an overpayment of any tax imposed *724 by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid. (b) Limitation on Allowance of Credits and Refunds.-- (1) Filing of claim within prescribed period.--No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period. (2) Limit on amount of credit or refund.-- (A) Limit where claim filed within 3-year period.--If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately *725 preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim. (B) Limit where claim not filed within 3-year period.--If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim. (C) Limit if no claim filed.--If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed. Section 6212(b) provides, in pertinent part, as follows: SEC. 6512. LIMITATIONS IN CASE OF PETITION TO TAX COURT. (b) Overpayment Determined by Tax Court.-- (1) Jurisdiction to determine.--Except as provided by paragraph (2) and by section 7463, if the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income *726 tax for the same taxable year * * *, in respect of which the [Commissioner] determined the deficiency, or finds that there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer. (2) Limit on amount of credit or refund.--No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid-- (A) after the mailing of the notice of deficiency, (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or (C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency-- (i) which had *727 not been disallowed before that date, (ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or (iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532. It is clear on this record that for the years 1973, 1975 and 1976 the petitioner filed no claims for refunds within 2 years from the time the tax was paid. The Forms 1040 are devoid of any information with respect to the witheld taxes and no other documents claiming refunds were submitted to respondent prior to September 7, 1982. However, with respect to the year 1974 the Form 1040 reported the withheld taxes, and that document will be treated as an informal claim for refund filed within the 2-year period specified by sections 6511(a) and (b)(2)(B), and therefore comes within the provisions of section 6512(b)(2)(C)(i). Accordingly, we hold that as to the year 1974 the petitioner had a net overpayment of $262 ($424 of withheld taxes less $162 which is the income tax due). As to the years 1973, 1975 and 1976, the petitioner is not entitled to any refund of the taxes *728 withheld and paid because the amount of credit or refund is limited to that portion which was paid within the period applicable under section 6511(b)(2).Subparagraph (C) of section 6511(b)(2) provides that, if no claim was filed, "the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed." Here subparagraph (A) is inapplicable because it applies only where a claim is filed within 3 years of the due date of the return. Subparagraph (B) does apply and, since no portion of the tax for 1973, 1975 and 1976 was paid "during the 2 years immediately preceding the filing of the claim," no credit or refund is allowable. In view of the foregoing, there are deficiencies of $40 for 1973 and $13 for 1975; no deficiency for 1976; and an overpayment of $262 for 1974. [2]
*729 Decision will be entered in accordance with this opinion.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. Petitioner's argument that to deny him all the claimed refunds would deprive him of due process of law is without merit. It is necessary to decide the issue by applying the pertinent provisions of the Internal Revenue Code. While we acknowledge that it is unfortunate the petitioner will not receive the refunds for 1973, 1975 and 1976, the situation in which he finds himself is of his own making. He did not report the taxes withheld for those years; he did not attach copies of Forms W-2 to the Forms 1040; and he did not make any claims for refund from the respective due date of the returns until September 7, 1982. Therefore, we cannot allow overpayments from such refunds under these circumstances.↩